IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:14-CV-102-BO

| ASHLEY WORLOCK, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| COUNTY OF CUMBERLAND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the defendant's motion to dismiss [DE 8]. For the reasons stated herein, the defendant's motion is GRANTED and this action is DISMISSED.

## BACKGROUND

Plaintiff Ashley Worlock filed the complaint on June 10, 2014, alleging violations of 42 U.S.C. § 1983, by defendants in a Cumberland County Department of Social Services case file involving plaintiff's husband, Travis Worlock, and reports of potential child abuse of their juvenile daughter Cadee. Cumberland County is a named defendant and the individual defendants are or were employed by Cumberland County in the Department of Social Services at the relevant times set forth in the complaint. Plaintiff seeks "actual damages, nominal damages, punitive damages, and attorney's fees and costs." [DE 1 at ¶ 9].

Plaintiff alleges the suit arises because of the "unconstitutional and illegal actions of the defendants in enforcing a policy, practice, custom, usage, rule or procedure and putting such policy, practice, custom, usage, rule or procedure into effect against the plaintiff." [DE 1 at ¶¶ 10–11]. Defendants move to dismiss because they argue plaintiff has failed to make any factual allegations as to what specific policy, practice, custom, usage, rule, or procedure was

unconstitutional or how the enforcement of such was unconstitutional and therefore plaintiff has failed to state a claim upon which relief may be granted. Defendants also argue the matter is subject to dismissal based on immunity grounds.

## DISCUSSION

I.   THE COMPLAINT FAILS TO STATE A CLAIM.

A FED. R. CIV. P. 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000). A trial court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Accordingly, to survive a Rule 12(b)(6) motion, a complaint must contain facts sufficient "to raise a right to relief above the speculative level" and to satisfy the court that the claim is "plausible on its face." *Id.* at 555, 570.

Plaintiff alleges a violation of the Fourth Amendment occurred when her home was searched without a warrant. However, even accepting as true the facts alleged in the complaint, plaintiff has not alleged that any of the defendants searched the home or even entered the home.

2

The complaint clearly states that police officers, none of whom are party to this suit, conducted an illegal search under an "alleged warrant" rather than consent. Plaintiff cannot seek relief against these defendants for something they did not do and this claim must therefore be dismissed. *See Keenan v. Baker*, 914 F.2d 256 (6th Cir. 1990) (holding that even if a search was illegal, where defendants did not participate in the search, those defendants could not be held liable).

Plaintiff's claim against Cumberland County also fails to state a claim upon which relief may be granted. To establish liability of a local government, the plaintiff must allege facts showing that (1) a government actor deprived the plaintiff of her federal rights; and (2) the harm was the result of the local government's policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). In order to impose local government liability an employee of the government must have committed a constitutional violation as a result of the local policy or custom. Here, as discussed *infra* Part II, taking the complaint as true, it fails to allege that a constitutional violation occurred. Even if there was one, plaintiff has not sufficiently laid out facts supporting her argument that the violation was the result of a local policy or custom. Accordingly, the claims against Cumberland County fail and must be dismissed.

II.  INDIVIDUAL DEFENDANTS HAVE QUALIFIED IMMUNITY.

When a public official asserts qualified immunity as a defense, the Court must determine: (1) whether the facts alleged show that his or her actions violated a constitutional right, and (2) whether the right asserted was "clearly established" at the time of the challenged actions. *Henry v. Purnell*, 501 F.3d 374, 377 (4th Cir. 2007) (citing *Saucier v. Katz*, 533 U.S. 194, 201–02 (2001). A public official is someone that uses some amount of "sovereign power and discretion," whereas public employees are those that perform only "ministerial duties." *Dalenko v. Wake*

3

*Cnty. Dep't of Human Servs.*, 291 S.E.2d 630, 632 (N.C. App. 1982). Social workers are best viewed as public officials because they are granted authority to exercise discretion in their capacity by N.C. Gen. Stat. § 108A-14(b). Additionally, North Carolina courts have previously held social workers to be public officials. *Hobbs v. N.C. Dep't of Human Resources*, 520 S.E.2d 595 (N.C. App. 1999). Here, plaintiff complains of numerous independent actions taken by defendants in the course of their investigation. However, a public official is immune from individual liability unless their conduct was "malicious, corrupt, or outside the scope of her authority." *Dalenko*, 291 S.E.2d at 632.

Plaintiff alleges that her constitutional rights were violated by defendants in their failure to seek an adversary hearing before seeking the immediate removal of the juveniles from the home, and removing the juveniles where there was not an immediate danger that would justify removing the juveniles from the home without notice to plaintiff and an opportunity for an adversary hearing. The Fourth Circuit has held that a constitutional right does exist where "a parent is entitled to a hearing initiated by the State before he may be deprived of custody of his child, and in an emergency a prompt hearing may ratify the state action." *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 398 (4th Cir. 1990). The North Carolina Juvenile Code statutorily provides the time requirements for such hearings. N.C. Gen. Stat. § 7B-100 *et seq*. "When a report of abuse . . . is received, the director of the department of social services[1] shall make a prompt and thorough assessment . . . in order to ascertain the facts of the case, the extent of the abuse or neglect, and the risk of harm to the juvenile . . . [which] shall include a visit to the place where the juvenile resides." N.C. Gen. Stat. § 7B-302(a). "[T]he director shall decide whether immediate removal of the juvenile or any other juveniles in the home is necessary for their

---

[1] In accordance with N.C. Gen. Stat. § 108A-14(b), the director of the department of social services may delegate their authority to other persons. Each of the defendants not otherwise the director has been given authority to act pursuant to this statutory provision.

4

protection," and if so, "a protective services worker may assume temporary custody of the juvenile." *Id.*

N.C. Gen. Stat. 7B-500 *et seq.* lays out the means of taking temporary custody of a juvenile. A social worker is authorized to seek out telephonic approval from a person authorized to issue a non-secure custody order for the juveniles. N.C. Gen. Stat. § 7B-508. A district court judge is authorized to issue a non-secure custody order. § 7B-502. The grounds for issuing a non-secure custody order include those where a juvenile has been physically injured or where there is a substantial risk of physical injury. § 7B-503. A hearing to determine the need for continued non-secure custody must be held within seven days of removal, and may be continued for up to ten days after removal. §7B-506(a).

Here, as laid out in the complaint, on June 11, 2011 defendant Grimes-Gooden sought out telephonic approval from a person authorized to issue a non-secure custody order for the juveniles immediately after speaking to Mr. Worlock, who was not cooperative, and observing the bruising on Cadee. Then on June 15, 2011, 4 days following the removal of the juveniles, a hearing to determine their status was held in which custody was returned to plaintiff, but not her husband. Plaintiff is obviously upset that, while she was honorably serving her country in the Armed Forces in Afghanistan, a child abuse complaint was made and investigated and her children were removed from the custody of her husband. Plaintiff is further upset by the fact that when plaintiff returned to Cumberland County, her children were not immediately returned to her custody because, as she alleges, no direct allegation of abuse was made against her. However, it is clear to the Court that defendants operated within the statutory framework provided by North Carolina throughout this incident. Therefore, no constitutional violation occurred. Further, even if the non-return of plaintiff's children to her immediately upon her

5

arrival in the county was a violation of her due process rights, it is not a right that would have been clearly established at the time. Indeed, the social workers involved were right to proceed with caution in this situation as the safety of the children was their paramount concern and it would have been reckless for them to immediately release the children without any sort of proceeding. Therefore, it is beyond doubt that here, the individual defendants are entitled to qualified immunity which bars plaintiff's claims against them and demands dismissal of this matter.

Further, in alleging that plaintiff's rights were somehow violated when the defendants represented "falsehoods" to the court during the hearings concerning the children, the individual defendants are entitled to absolute immunity. *See Vosburg v. Dep't of Social Servs.*, 884 F.2d 133, 138 (4th Cir. 1989) (holding that social workers performing prosecutorial functions which include filing removal petitions are entitled to absolute immunity).

III. INTENTION INFLICTION OF EMOTIONAL DISTRESS.

Plaintiff's claim for intentional infliction of emotional distress is premised on defendants knowingly violating plaintiff's constitutional rights. [DE 1 at 14]. Because the Court has found that the complaint does not sufficiently lay out a claim for a violation of her constitutional rights and that individual defendants are entitled to qualified or absolute immunity to this suit, plaintiff's claim for intentional infliction of emotional distress also fails.

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss is GRANTED. This matter is hereby DISMISSED. The Clerk is DIRECTED to enter judgment accordingly and to close the file.

SO ORDERED.

This the ⟵5⟶ day of November, 2014.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE